FILED

2015 Jun-12  PM 04:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| D'ANTWONE KING, DEBBIE NORRIS, and ROLANDA NORRIS, | } } } | |
| Plaintiffs, | } } | |
| v. | } } } | Case No.:  2:13-cv-02277-MHH |
| MS COMPANIES, LLC d/b/a/ ABC EMPLOYMENT HOLDINGS, LLC, | } } } | |
| Defendant. | } | |

## MEMORANDUM OPINION

This opinion concerns a proposed FLSA settlement.  In the complaint, plaintiffs D'Antwone King, Debbie Norris, and Rolanda Norris contend that defendant MS Companies, LLC violated provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*.  The parties have agreed to settle plaintiffs' FLSA claims, and they have asked the Court to review the terms of the proposed settlement.  (Doc. 35).  For the reasons stated below, the Court approves the settlement because it is a fair and reasonable compromise of a bona fide dispute.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Defendant MS Companies places contingent workers at AGC, a facility in Alabaster, Alabama that produces and sells automotive glass for vehicles.  (Doc. 25, ¶ 3).  MS workers that are assigned to AGC inspect AGC's product.  (Doc. 25,

¶ 3).  Plaintiff D'Antwone King worked for MS at AGC's facility in Alabaster from May 2013 until January 2014 as an hourly production employee.  (Doc. 25, ¶ 9).  Plaintiff Debbie Norris worked for MS at AGC's facility in Alabaster from June 2013 until August 2013 as an hourly production employee.  (Doc. 25, ¶ 10).  Ms. Norris transferred to AGC's facility in Pell City in August 2013, then transferred back to AGC's Alabaster facility in September 2013, where she worked until October 2013.  (Doc. 25, ¶ 10).  Plaintiff Rolanda Norris also worked for MS at AGC's facility in Alabaster as an hourly production employee.  (Doc. 25, ¶ 11).

MS paid the plaintiffs on an hourly basis, and plaintiffs received wages on a bi-weekly basis.  (Doc. 25, ¶¶ 13, 14).  The plaintiffs contend that they worked more than 40 hours per week and often worked as many as 168 hours in a two-week pay period, but MS would pay them for 60-80 hours during two-week pay periods at straight time rates of pay.  (Doc. 25, ¶¶ 14, 15, 17).  Plaintiffs assert that MS "shorted" them significant hours worked at both straight time and overtime rates.  (Doc. 25, ¶ 15).

MS recorded plaintiffs' time on a weekly basis.  (Doc. 25, ¶ 18).  At some point, MS terminated a member of its management for stealing employees' hours and diverting pay to himself, but MS did not correct employees' pay after discovering this problem.  (Doc. 25, ¶ 19).  At a later time, MS switched to a handheld timekeeping system, which failed to properly record hours worked.

(Doc. 25, ¶ 20).  Plaintiffs allege that MS was aware that employee hours were improperly recorded and failed to correct the issue.  (Doc. 25, ¶ 20).  Because MS failed to accurately account for compensable time, the plaintiffs assert that MS deprived them of compensation and overtime pay in excess of the hours shown on their paychecks.  (Doc. 25, ¶ 21).

In their complaint, the plaintiffs assert that MS (1) violated the Fair Labor Standards Act and (2) terminated Mr. King in retaliation for filing his FLSA claim. (Doc. 25).  MS acknowledges that the FLSA authorizes this action and that this Court has subject matter jurisdiction over plaintiffs' claims.  (Doc. 26, ¶ 5).  In its answer, MS denied that it violated the FLSA.  (Doc. 26, ¶ 23).

As part of their settlement negotiations, the parties exchanged payroll and personnel data, including but not limited to time records.  (Doc. 35, p. 2, ¶ 2). Both parties agree that continued litigation would not produce more economically beneficial results than their stipulated compromise.  (Doc. 35, p. 2, ¶ 4).  In exchange for dismissal of this action with prejudice, MS has agreed to pay the plaintiffs an amount that exceeds the equivalent of 20 hours per week of overtime pay for each week in which the plaintiffs worked, as well as reasonable attorney's fees.  (Tr. May 29, 2015 hearing).

On this record, the Court considers the parties' motion to approve the proposed settlement of plaintiffs' FLSA claims.

## II.    DISCUSSION

"Congress enacted the FLSA in 1938 with the goal of 'protect[ing] all covered workers from substandard wages and oppressive working hours.'  Among other requirements, the FLSA obligates employers to compensate employees for hours in excess of 40 per week at a rate of 1 ½ times the employees' regular wages." *Christopher v. SmithKline Beecham Corp.*, 132 S. Ct. 2156, 2162 (2012) (quoting *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739 (1981)); *see also* 29 U.S.C. §§ 202, 207(a).  Congress designed the FLSA "to ensure that *each* employee covered by the Act would receive '[a] fair day's pay for a fair day's work' and would be protected from 'the evil of 'overwork' as well as 'underpay.''"  *Barrentine*, 450 U.S. at 739 (emphasis in original).  In doing so, Congress sought to protect, "the public's independent interest in assuring that employees' wages are fair and thus do not endanger 'the national health and well-being.'" *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1264 (M.D. Ala. 2003) (quoting *Brooklyn Sav. Bank v. O'Neil,* 324 U.S. 697, 706 (1945)).

If an employee proves that his employer violated the FLSA, the employer must remit to the employee all unpaid wages or compensation, liquidated damages in an amount equal to the unpaid wages, a reasonable attorney's fee, and costs.  29 U.S.C. § 216(b).  "FLSA provisions are mandatory; the 'provisions are not subject to negotiation or bargaining between employer and employee.'" *Silva v. Miller*,

4

307 Fed. Appx. 349, 351 (11th Cir. 2009) (quoting *Lynn's Food Stores, Inc. v. U.S. ex. Rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982)); *see also Brooklyn Sav. Bank v. O'Neil,* 324 U.S. 697, 707 (1945). "Any amount due that is not in dispute must be paid unequivocally; employers may not extract valuable concessions in return for payment that is indisputably owed under the FLSA." *Hogan v. Allstate Beverage Co., Inc.*, 821 F. Supp. 2d 1274, 1282 (M.D. Ala. 2011).

Consequently, parties may settle an FLSA claim for unpaid wages only if there is a bona fide dispute relating to a material issue concerning the claim. To compromise a claim for unpaid wages, the parties must "present to the district court a proposed settlement, [and] the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food*, 679 F.2d at 1353; *see also Hogan*, 821 F. Supp. 2d at 1281-82.[1] "[T]he parties requesting review of an FLSA compromise must provide enough information for the court to

---

[1] In *Lynn's Food*, the Eleventh Circuit Court of Appeals explained, "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. An employee who accepts such a payment supervised by the Secretary thereby waives his right to bring suit for both the unpaid wages and for liquidated damages, provided the employer pays in full the back wages. The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." 679 F.2d at 1352-53 (footnotes omitted). The Eleventh Circuit recently reiterated the import of *Lynn's Food*. *See Nall v. Mal–Motels, Inc.*, 723 F.3d 1304 (11th Cir. 2013).

examine the bona fides of the dispute." *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).  The information that the parties provide also should enable the Court "to ensure that employees have received all uncontested wages due and that they have received a fair deal regarding any additional amount that remains in controversy." *Hogan*, 821 F. Supp. 2d at 1282.  "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute," then a court may approve a settlement.  *Lynn's Food*, 679 F.2d at 1354; *see also Silva*, 307 Fed. Appx. at 351 (proposed settlement must be fair and reasonable).

Based on the Court's review of the proposed settlement agreement and the information that the parties submitted regarding the terms of the proffered settlement, the Court finds that there is a bona fide dispute in this matter that supports the proposed settlement.  The parties agreed on a settlement amount that is greater than the equivalent of 20 hours per week of overtime for each of the weeks in which the plaintiffs worked.   This amount represents a fair and reasonable compromise based on the existing evidence regarding unpaid wages. Plaintiffs maintain that MS did not compensate them for all of the hours they worked on a weekly basis.  MS denies that it failed to properly compensate the plaintiffs.   The parties agreed upon a method to calculate the approximate compensation MS owes plaintiffs for the hours they worked in each pay period.

The Court finds that the method used to calculate plaintiffs' disputed wages is fair and reasonable under the circumstances of this case.

The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva*, 307 Fed. Appx. at 351 (citing *Lynn's Food*, 679 F.2d at 1352); *see also Briggins v. Elwood TRI, Inc.*, 3 F. Supp. 2d 1277, 1291 (N.D. Ala. 2014) (noting that even where payment of attorney's fees does not reduce the compensation negotiated for and payable to an FLSA plaintiff, "the court is required to review for fairness and approve the fee and expenses proposed to be paid by the defendants in the settlement.") (citing *Silva*, 307 Fed. Appx. at 349).

During the May 29, 2015 hearing in this matter, the plaintiffs' attorney described the work he did toward resolution of the case and explained how he calculated his fee. The Court finds that the amount stated on the record at the hearing adequately compensates counsel for the time invested in this action.[2]

---

[2] In *Briggins*, the Court performed a detailed lodestar analysis to determine whether the negotiated attorney's fees in that FLSA settlement were fair. *See Briggins*, 2014 WL 975701, *13-18. The Court noted that in the Eleventh Circuit, the lodestar method has effectively replaced the balancing test prescribed in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974). *Id.* at *14. Nevertheless, the Court explained that the *Johnson* factors may be part of a reasonableness analysis. *Id.* Although it did not require plaintiffs' counsel to do so here, attorneys for FLSA plaintiffs should be prepared to submit relevant evidence to enable the Court to evaluate the reasonableness of the fee to which the parties agree. This evidence informs the Court's analysis of whether counsel is adequately compensated and

Based upon the information submitted to the Court, it does not appear that the attorney's fee award in this case compromises the plaintiffs' recovery. Accordingly, the Court finds that the agreed attorney's fee adequately compensates plaintiffs' counsel and does not taint plaintiffs' recovery.

In addition to the settlement amount, confidentiality provisions in FLSA settlement agreements require scrutiny.  Typically, absent a showing of good cause, the Court does not allow the parties to file sealed or redacted FLSA settlement agreements because omitting the agreements from the public record can frustrate the goals of the FLSA.  *See, e.g.*, *Stalnaker*, 293 F. Supp. 2d at 1264 (quoting *O'Neil*, 324 U.S. at 706 (discussing the public interest behind the FLSA)). In this case, the Court conditionally granted the parties' joint motion for leave to file the settlement agreement under seal.  (Doc. 36).  At the May 29, 2015 hearing in this matter, counsel for both parties explained that this is an isolated case involving only three employees and that all of the managers who were involved in the payment dispute have left the company.  (Tr. May 29, 2015 hearing).  Because of this representation, the Court will allow the parties to keep the confidentiality provision in the settlement agreement and to file the settlement agreement in the public record with payment amounts redacted.

---

also helps the Court determine whether the compensation paid to FLSA plaintiffs is "separate and distinct from the settlement agreement to pay [counsel's] fees and expenses." *See id.* at *13.

### III.   CONCLUSION

For the reasons stated above, the Court approves the parties' settlement of the plaintiffs' FLSA claims.  The Court concludes that there is a bona fide dispute regarding the plaintiffs' FLSA claims, and the terms that the parties have negotiated constitute a fair and reasonable resolution of that dispute.  Therefore, the Court approves the FLSA settlement.  (Doc. 40).  The Court will dismiss this action by separate order.

**DONE** and **ORDERED** this June 12, 2015.

**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE